**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

JAMES K. JOYCE,

      Plaintiff,

v.                                      No. Civ. 08-04 LH/WPL

ROGER CHESROWN, MARSHALL CHESROWN,
BLACK ROCK DEVELOPMENT, INC.,
and ALLSTATE INSURANCE COMPANY,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court *sua sponte*, following its review of the Notice of Removal filed by Defendant Roger Chesrown on January 2, 2008. The Court has a duty to determine whether subject matter jurisdiction exists *sua sponte*, if the parties fail to raise a question of lack of jurisdiction. *See Tuck v. United Services Automobile Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered Defendant Roger Chesrown's Notice of Removal, Plaintiff's Complaint, the applicable law, and otherwise being fully advised, concludes that the Notice fails to allege the necessary facts of *citizenship* of all the parties to sustain diversity jurisdiction and will order Defendant Chesrown to file an amended notice of removal within 30 days, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

**I.  BACKGROUND**

On January 2, 2008, Defendant Roger Chesrown filed a Notice of Removal under 28 U.S.C. § 1332. (Doc. 1 ¶ 4.) The Notice asserts that there is complete diversity between Plaintiff and Defendants and that the amount in controversy exceeds $75,000, exclusive of interest and costs. (*Id*.

¶¶ 4, 12.) The Notice also alleges the following regarding jurisdiction: Plaintiff is a "resident" of New Mexico; Defendant Roger Chesrown is a "resident" of California; Defendant Marshall Chesrown is a "resident" of Idaho; Defendant Black Rock Development, Inc., is incorporated in Idaho with its principal place of business in Idaho; and Defendant Allstate Insurance Company is incorporated in Delaware with its principal place of business in Illinois. (*Id.* ¶¶ 6-10.) The underlying Complaint likewise merely alleges that Plaintiff is a "resident" of New Mexico; Defendant Roger Chesrown is a "resident" of Washington; and Defendant Marshall Chesrown is a "resident" of Idaho. (Doc. 2-2 ¶¶ 1, 3-4.)

## II.   LEGAL STANDARD

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal. *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

## III.   DISCUSSION

Defendant Roger Chesrown asserts jurisdiction based on diversity of citizenship as provided for in 28 U.S.C. § 1332. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — citizens of different States." 28 U.S.C. § 1332(a). When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, *see* 28 U.S.C.

§ 1441(a), provided that no defendant "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Jurisdiction under section 1332 requires diversity of *citizenship*. The party asserting jurisdiction must plead citizenship distinctly and affirmatively. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for purposes of establishing diversity."); James Wm. Moore, Moore's Federal Practice § 102.31 (3d ed. 2006) (party asserting jurisdiction should allege that he or she is a citizen and carefully allege facts establishing each party's citizenship). Domicile, the equivalent of state citizenship, requires more than mere residence; domicile exists only when such residence is coupled with an intention to remain in the state indefinitely. *Crowley v. Glaze*, 710 F.2d 676, 677 (10th Cir. 1983). A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See* 28 U.S.C. § 1332(c).

The facts set forth in the Complaint and in the Notice of Removal do not sufficiently establish the citizenship of all Defendants. The Notice sufficiently alleges the citizenship of Defendants Black Rock Development, Inc., and Allstate Insurance Company, because it alleges each corporation's state of incorporation and the state where each corporation has its principal place of business. The Notice and Complaint, however, fail to properly allege the citizenship of Plaintiff Joyce, Defendant Roger Chesrown, and Defendant Marshall Chesrown, as they merely assert that each is a "resident," rather than "citizen," of their respective states. By failing to mention the citizenship of Plaintiff and Defendants Roger and Marshall Chesrown, the Notice fails to properly state a basis for subject matter jurisdiction in this Court.

A notice of removal that fails to specify the necessary facts to establish diversity jurisdiction is defective. *Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300 (10th Cir. 1968). Technical defects, however, may be cured by amendment of the notice. *See id.* at 300-02

(permitting amendment of notice of removal to allege principal place of business of defendant and citizenship, rather than mere residence, of plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business).  *See also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Whitelock*, 460 F.2d at 515 (permitting plaintiff 20 days to file verified amendment to complaint alleging, in addition to each party's residence, each party's citizenship at time of filing of original complaint).  As the Tenth Circuit explained in *Hendrix*, disallowing amendment in circumstances comparable to those in this case "would be too grudging with reference to the controlling statute [28 U.S.C. § 1653], too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts."  390 F.2d at 301 (internal footnotes omitted).

This case has proceeded thus far without notice by any of the parties of jurisdictional problems.  It thus appears likely that the existence of diversity of citizenship can be established.  Consequently, the Court will give Defendant Roger Chesrown the opportunity to file an amended notice of removal to properly allege diversity of citizenship of each party at the time of the filing of the original complaint, in accordance with this opinion, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that Defendant Roger Chesrown is granted **THIRTY (30) DAYS** leave to amend the Notice of Removal to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that if such an amended notice is not filed within **THIRTY**

**(30) DAYS** of the date of entry of this Order, the Court will remand this case to the Fourth Judicial District Court for the County of San Miguel, State of New Mexico.

_____
SENIOR UNITED STATES DISTRICT JUDGE