**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

JAMES K. JOYCE,

    Plaintiff,

v.                                                                           No. Civ. 08-04 LH/WPL

ROGER CHESROWN, MARSHALL CHESROWN,
BLACK ROCK DEVELOPMENT, INC., and
ALLSTATE INSURANCE COMPANY

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court *sua sponte*, following its review of the amended Notice of Removal filed by Defendant Roger Chesrown. ("Defendant R. Chesrown"). Plaintiff filed his Complaint on May 17, 2007, in the Fourth Judicial District Court, County of San Miguel, State of New Mexico. Thereafter, on January 2, 2008, Defendant R. Chesrown filed his original Notice of Removal with this Court. The Court issued a Memorandum Opinion and Order, *sua sponte*, granting leave to Defendant R. Chesrown to amend his Notice of Removal to properly allege diversity of citizenship. Accordingly, Defendant R. Chesrown filed an amended Notice of Removal on July 27, 2009 alleging the States of citizenship of the various parties. Having now reviewed the original and amended Notices of Removal as well as Plaintiff's Complaint, the Court is not satisfied that the allegations therein establish the requisite amount in controversy to confer diversity jurisdiction under 28 U.S.C. § 1332. Therefore, the case is remanded to the Fourth Judicial District Court.

The Federal Rules of Civil Procedure direct that "[w]henever it appears by suggestion of

the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *Tuck v. United Servs. Automobile Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (quoting Fed. R. Civ. P. 12(h)(3)). The court has a duty to determine this matter *sua sponte*. *Id.* A court lacking jurisdiction must dismiss the cause at any stage of the proceedings when it becomes apparent that jurisdiction is lacking. *Penteco Corp. Ltd. Partnership--1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

Because federal courts are courts of limited jurisdiction, the party invoking federal jurisdiction bears the burden of proof with a presumption against federal jurisdiction. *Id.* The Constitution provides that the "judicial Power shall extend to . . . Controversies . . . between Citizens of different States." U.S. Const. art. III, § 2. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — citizens of different States." 28 U.S.C. § 1332(a). When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, *see* 28 U.S.C. § 1441(a), provided that no defendant "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

Section 1441, however, was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). Indeed, the Tenth Circuit has cautioned district courts that they "must rigorously enforce Congress' intent to restrict federal jurisdiction." *Miera v. Dairyland Insur. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998). Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal. *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).

In his Amended Notice, Defendant R. Chesrown alleges that Plaintiff is a citizen of New Mexico, that he is a citizen of California, that Defendant Marshall Chesrown ("Defendant M. Chesrown") is a citizen of Idaho, that the principal place of business and place of incorporation of Defendant Black Rock Development, Inc. ("Defendant Black Rock") is Idaho, and that Defendant Allstate Insurance Company ("Defendant Allstate") is incorporated in Delaware and has a principal place of business in Illinois. Additionally, Defendant R. Chesrown contends that Plaintiff "are [sic] seeking recovery in an amount greater than $75,000.00." [Doc. 61, at ¶ 4.]

Generally, the amount in controversy is determined by the allegations of the complaint, or if they are not dispositive, by the allegations in the notice of removal. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). When the amount in controversy is not apparent on the face of the complaint, a federal court must attempt to ascertain the amount in controversy by considering (1) plaintiff's cause of action as alleged in the complaint, (2) the notice of removal defendant filed with the federal court, and (3) other relevant materials in the record. *Varela v. Wal-Mart Stores, East, Inc.*, 86 F. Supp. 2d 1109, 1111 (D.N.M. 2000) (Baldock, J., sitting by designation). "It would be an overreading of *Laughlin* to ignore the context of the case, as informed by the substance of the complaint or by other material in the record at the time of removal." *Hanna v. Miller*, 163 F. Supp. 2d 1302, 1305 (D.N.M. 2001) (Kelly, J., sitting by designation). Courts may therefore consider "the substance and nature of the injuries and damages described in the pleadings, any attorney affidavits filed prior to or in connection with the removal notice, a plaintiff's prior admission in open court that the value of the claim exceeds the jurisdictional amount, or even a plaintiff's refusal to stipulate or admit that he or she is not seeking damages in excess of the requisite amount." *Id.* at 1306.

However, the burden remains upon the party requesting removal to set forth in the notice of removal the underlying facts supporting the assertion that the amount in controversy exceeds $75,000. *Laughlin*, 50 F.3d at 873. When the plaintiff's damages are unspecified in the complaint, the defendant must affirmatively establish the jurisdictional amount by at least a preponderance of the evidence. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Punitive damages and attorney's fees may be considered in determining the amount in controversy. *See Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1217-18 (10th Cir. 2003). Costs and interest, however, are excluded. *See* 28 U.S.C. § 1332(a). Once again, there is a presumption against removal jurisdiction, and uncertainties as to jurisdiction are resolved in favor of remand. *Martin*, 251 F.3d at 1290.

In this case, Plaintiff has alleged state law claims for negligence and bad faith. More specifically, he claims that Defendant R. Chesrown "negligently sideswiped Plaintiff who was riding his bike" and that Defendant Black Rock and Defendant M. Chesrown are liable under the doctrine of respondeat superior. With respect to Defendant Allstate, Plaintiff alleges that it breached its duty of good faith "by advising others that Plaintiff's case had been settled and otherwise refusing reasonable attempts to resolve [the case]." [Doc. 2, Ex. 1, at ¶ 15.] According to his Complaint, Plaintiff seeks damages for bodily injury, pain and suffering, medical expenses, loss of income, and earning capacity from Defendant R. Chesrown, Defendant M. Chesrown, and Defendant Black Rock. *Id.* at ¶ 12. Additionally, he seeks compensatory damages for "additional injuries" and punitive damages from Defendant Allstate. *Id.* at ¶¶ 28, 38. Plaintiff does not, however, allege in his Complaint a specific amount of damages, nor does he provide any details as to the extent of his injuries, the amount of his medical expenses, or his earning capacity. It is therefore not clear from the face of the Complaint that the amount in

controversy exceeds $75,000.  As a result, the Court must turn to the Notice of Removal.

In the amended Notice, Defendant R. Chesrown fails to provide the Court with any factual detail about Plaintiff's injuries or other alleged damages.  For instance, Defendant makes no mention of particular settlement demands or even his own understanding of Plaintiff's purported injuries.  Nor does Plaintiff provide any sort of economic analysis of the damages alleged.  Rather, he makes the plainly-conclusory statement that Plaintiff "are [sic] seeking recovery in an amount greater than $75,000."  More is required.

Moreover, Defendant R. Chesrown fails to indicate whether he has, in order to arrive at the jurisdictional amount, aggregated Plaintiff's claims against Defendant R. Chesrown, Defendant M. Chesrown, and Defendant Black Rock – which are based upon the alleged negligence of Defendant R. Chesrown – with the claims against Defendant Allstate – which are based upon its purported bad faith.  Significantly, a plaintiff's claims against multiple defendants may not be aggregated in determining the amount in controversy unless the defendants would be jointly liable to the plaintiff.  *Walter v. Northeastern RR Co.*, 147 U.S. 370, 373-74 (1893) (noting that aggregation to achieve diversity is barred when the liability of the defendants is several and not joint).  Plaintiff does not allege in his Complaint that there is joint liability between Defendant Allstate and the other defendants, and the mere fact that the defendants' potential liability arose out of the same transaction is insufficient to permit aggregation of these claims.

For these reasons, Defendant has failed "to set forth, in the notice of removal itself, the 'underlying facts supporting the assertion that the amount in controversy exceeds [$75,000].'" *Laughlin*, 50 F.3d at 873.  A removing defendant must set forth not only his good faith belief as to the amount in controversy but also the facts underlying that belief.  *See id.*  Defendant's

assertions, which are entirely devoid of factual detail, do not establish by a preponderance of the evidence that the jurisdictional amount is met. Likewise, absent information as to the severity of Plaintiff's injuries, the Court is unable to make any reasonable inferences that the injuries give rise to a claim in excess of $75,000. Simply put, the Court is not satisfied, based on the record before it, that Plaintiff's damages give rise to claims in excess of $75,000.

Because Defendant's removal appears to be based on speculation as to the amount of damages, rather than underlying facts of the minimum jurisdictional amount proven by a preponderance of the evidence, and given that uncertainties as to jurisdiction are resolved in favor of remand, the Court determines that this case should be remanded for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that this case is **REMANDED** to the Fourth Judicial District Court for the State of New Mexico.

_____
SENIOR UNITED STATES DISTRICT JUDGE